WILLIAM J. BOEHM, executor, &c., complainant,

*v.*

MARY DOMAGALER RIEDER et al., defendants.

[Decided January 19th, 1925.]

**Specific Performance—Agreement Entered Into to Settle Claims of Defendant in Estate of Deceased Husband—Facts Set Out in an Earlier Reported Case—Defendant Not in Default.**

On final hearing.

*Messrs. Stamler, Stamler & Koestler,* for the complainant.

*Mr. Abe J. David,* for the defendants.

BUCHANAN, V. C.

The facts in this case are sufficiently set forth in the opinion filed herein on motion to substitute and add parties. *Boehm* v. *Rieder, 2 N. J. Adv. R. 1075.* Subsequent to, and in pursuance of, the order entered on that motion, the administrator and heirs-at-law and next of kin of Mary Domagauer Rieder came in as parties defendant, and a supplemental answer and counter-claim was filed setting up the settlement agreement and the facts in regard thereto, and the matter duly came on to final hearing, at which time complainant moved to dismiss his bill, leaving the counter-claim the only issue.

By the admissions in the pleadings and the proofs at final hearing the facts are substantially as set forth in the affidavit referred to in the earlier opinion. The counter-claimants have demanded the specific fulfillment of the settlement agreement, and the defendants to the counter-claim have refused.

The notice of exercise of option was validly exercised on January 21st, although the ten days' time expired on the 20th, since the 20th was Sunday. This is tacitly conceded by the defendants to the counter-claim.

For the reasons set forth in the earlier opinion, I will advise a decree for specific performance. The case was at that time argued as on the merits, and no new arguments or authorities have been presented to me at this hearing, except the contentions of the defendants to the counter-claim to which I shall presently refer.

The agreement was entered into for the purpose of settling the claims of Mary Domagauer Rieder of, in and to the estate of her deceased husband. The first paragraph clearly contains and evidences the essence of the agreement as well as its purpose, "there shall be paid to Mary D.

Rieder the sum of $20,000 in full settlement of all her rights and claims," &c. The election was given her to take $11,400 of this sum in property instead of cash. This she elected to do, but this, of course, did not vary the essence of the agreement.

It is contended that she was herself in default, because she had not executed the documents for surrendering her equitable life estate and dower interest, but this contention is not supported by the agreement. Under the terms of the agreement she was to execute these "in consideration of" the payment of the $20,000 (or the conveyance of the homestead and the personal property and payment of the balance, as the agreement was modified by the option exercised). Her execution was not required prior to such conveyance and payment—at most, it can be held concurrent.

It is clear that, under the terms of the agreement, the vendees had until April 1st to make payment, and since they had not made or tendered payment or conveyance at the time of Mrs. Rieder's death, on March 5th, it is difficult to see how she was in default. Certainly, the mere non-execution of instruments far in advance of the time for delivery cannot constitute default, even though her illness were not sufficient reason for her not doing so.

There were some proofs taken at the hearing with regard to certain articles of jewelry. These, however, were expressly excepted from the settlement agreement by the eighth paragraph thereof; and I am unable to see that the proofs show any inequitable conduct by Mrs. Rieder, or the present counter-claimants in respect thereto, nor any reason why they should be deprived of decree for specific performance thereby.